IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAKE THOMAS HOLLAND,                )<br>                                                                 )<br>                    Plaintiff,                       )<br>                                                                 )<br>            v.                                              )<br>                                                                 )     Civil Action No. 14-424<br>CAROLYN W. COLVIN,                   )<br>ACTING COMMISSIONER          )<br>OF SOCIAL SECURITY,                  )<br>                                                                 )<br>                    Defendant.                    ) | |

OPINION

AND NOW, this 23rd day of September, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is granted, and the Acting Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, denied. The case will be remanded to the Acting Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion.

When the Acting Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Acting Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and . . . the [Acting Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)). These well-established principles dictate that the court remand this case to the Acting Commissioner for further proceedings as explained herein.

Plaintiff filed his DIB and SSI applications on December 15, 2010, alleging disability beginning on January 1, 2008, due to juvenile diabetes, anxiety, depression and bipolar disorder. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on September 27, 2012, at which plaintiff, who was represented by a non-attorney representative, appeared and testified. On November 30, 2012, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on January 31, 2014, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 23 years old on his alleged onset date, which is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as a dock hand, tire technician, prep cook and fast food worker, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a

℗AO 72
(Rev. 8/82)

- 2 -

vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of juvenile diabetes, anxiety, depression and bipolar disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels, but he has a number of non-exertional limitations. Plaintiff is restricted to simple, routine and repetitive tasks and few workplace changes. In addition, plaintiff is precluded from work that involves fast-paced production requirements. Finally, plaintiff must be isolated from the public and he is limited to only occasional supervision and contact with co-workers (collectively, the "RFC Finding").

Based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing his past relevant work as a dock hand because it does not exceed his residual functional capacity. The ALJ alternatively concluded that plaintiff can perform other work that exists in significant numbers in the national economy, such as security guard at night, night cleaner and night stocker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations specify a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's decision is not supported by substantial evidence for the following reasons: (1) the ALJ failed to properly weigh certain medical opinions; and (2) the ALJ did not properly evaluate plaintiff's credibility. The court finds no merit to plaintiff's contention concerning the ALJ's evaluation of his credibility,[2] but concludes that the ALJ's evaluation and weighing of certain medical opinions is incomplete. For that reason, the case must

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

[2] As required by the Regulations, the ALJ evaluated plaintiff's credibility by considering all of the relevant evidence in the record, including plaintiff's own statements about his symptoms and limitations, his activities of daily living, the extent of his treatment and the medical evidence of record. See 20 C.F.R. §§404.1529(c)(1)-(c)(3), 416.929(c)(1)-(c)(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ concluded that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations, and thus determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 20). This court finds that the ALJ adequately explained the basis for her credibility determination in her decision, (R. 17-20), and is satisfied that such determination is supported by substantial evidence. See Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) (an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony).

be remanded to the Acting Commissioner for additional consideration at step 4, and if necessary step 5, of the sequential evaluation process.

Plaintiff first argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly weigh the opinion of his treating psychiatrist, Dr. Soraya Radfar. The record contains Dr. Radfar's treatment notes from 2010 and 2011. (R. 296-301, 321-27). The record also contains a Psychiatric/Psychological Impairment Questionnaire completed by Dr. Radfar on May 17, 2011 (the "Questionnaire") indicating that plaintiff suffers from bipolar disorder, depression and narcotic addiction, rating plaintiff as being markedly limited in many areas of mental functioning and concluding that he is incapable of even low stress work. (R. 311-318).

The ALJ acknowledged that Dr. Radfar's treatment notes were a part of the record and summarized the Questionnaire that she completed. (R. 18). The ALJ concluded Dr. Radfar's assessment of plaintiff's mental limitations and her opinion that plaintiff is incapable of even low stress work was not entitled to controlling weight. (R. 21). According to the ALJ, although Dr. Radfar's opinion was based on a longitudinal treatment relationship with plaintiff, it was not well supported "nor [was] it consistent with the other substantial evidence in the case which indicates a higher level of functioning." (R. 21). The ALJ failed to identify "the other substantial evidence in the case which indicates a higher level of functioning," and the court is unable to discern the evidence to which the ALJ refers.

Other than Dr. Radfar's treatment notes and Questionnaire, evidence in the record pertaining to plaintiff's mental impairments includes the following: (1) a consultative examination report from Dr. James Hepburn (R. 302-308); (2) a Psychiatric/Psychological Impairment Questionnaire completed by Dr. Stuart Burstein (R. 510-517); (3) a treatment summary and

Psychiatric/Psychological Impairment Questionnaire completed by plaintiff's therapist, Mr. Michael Friedlander (R. 319-320, 476-483); and (4) a disability determination assessment completed by Phyllis Brentzel, a non-examining state agency psychological consultant. (R. 59-63).

Like Dr. Radfar, both Dr. Hepburn and Dr. Burstein found that plaintiff is markedly limited in a number of areas of mental functioning. (R. 307, 513-515). Consistent with Dr. Radfar's opinion, Dr. Burstein concluded that plaintiff is incapable of even low stress work. (R. 516). Mr. Friedlander also assessed a number of marked limitations in plaintiff's ability to function from a mental standpoint and predicted that he would miss work more than three times per month. (R. 479-481, 483). The ALJ gave little weight to the opinions of both Drs. Hepburn and Burstein, and declined to give controlling weight to Mr. Friedlander's opinion.[3]

Dr. Brentzel, the state agency psychological consultant who reviewed plaintiff's records but did not examine him, found that plaintiff was no more than moderately limited in most areas of mental functioning, with the exception of understanding, remembering and carrying out detailed instructions. (R. 61-63). Dr. Brentzel indicated that she considered and partially relied upon the consultative examination performed by Dr. Hepburn, but was concerned because it "[did] not provide insight that would exist from a longitudinal treatment history." (R. 63). The ALJ gave Dr.

---

[3] We note that Mr. Friedlander's opinion was not entitled to controlling weight because he is a therapist, which is not deemed an acceptable medical source according to the Regulations. Yensick v. Barnhart, 245 Fed. Appx. 176, 181 (3d Cir.2007); 20 C.F.R. §§404.1513(d)(1), 416.913(d)(1). While the opinion of a treating therapist constitutes relevant evidence that is entitled to consideration, the amount of weight afforded to the opinion depends on the extent to which it is consistent with the other evidence of record. See Yensick, 245 Fed. Appx. at 182.

Although the ALJ in this case considered Mr. Friedlander's opinion and noted that he is not an acceptable medical source, thus his opinion is not entitled to controlling weight, (R. 21), the ALJ did not specify whether he granted any weight to Mr. Friedlander's opinion. Therefore, on remand, after re-evaluating the other medical opinions as specified herein, the ALJ must determine whether Mr. Friedlander's opinion is consistent with those opinions and indicate whether he is granting Mr. Friedlander's opinion any weight.

Brentzel's opinion great weight.[4] (R. 22).

In sum, the only evidence concerning plaintiff's mental impairments and resulting limitations came from Dr. Radfar, the treating psychiatrist, Drs. Hepburn and Burstein, who each examined plaintiff one time, Mr. Friedlander, the treating therapist, and Dr. Brentzel, the state agency psychological consultant who reviewed plaintiff's records but did not examine him. Dr. Radfar's opinion that plaintiff had marked mental limitations, and was incapable of even low stress work, was echoed by Drs. Hepburn and Burstein, as well as Mr. Friedlander. Dr. Brentzel, who expressed concern that the consultative examination report by Dr. Hepburn lacked the insight that could be provided by a longitudinal treatment history, did not have an opportunity to review Dr. Radfar's Questionnaire.[5] As the ALJ acknowledged, Dr. Radfar's opinion was based on a longitudinal treatment relationship. (R. 21). Thus, the opinion proffered by Dr. Radfar, who had a treating relationship with plaintiff, may have been relevant to Dr. Brentzel's evaluation.

As this summary indicates, the available mental health evidence in the record is largely

---

[4] The Regulations specify that state agency medical and psychological consultants, such as Dr. Brentzel, "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §§404.1527(e)(2)(i), 416.927(e)(2)(i). In addition, the Third Circuit has rejected the argument that the lapse of time between a state agency physician's review and the subsequent administrative hearing make it inappropriate for the ALJ to rely on the opinion. See Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (recognizing that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it"). It is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings. Id., citing SSR 96-6p. Here, Dr. Brentzel expressed concern that the consultative examiner's report did not provide insight that would exist from a longitudinal treatment history. Since Dr. Radfar had such a longitudinal treatment history with plaintiff, her subsequently issued opinion on the Questionnaire might have been relevant to Dr. Brentzel's analysis. Thus, on remand, after re-evaluating Dr. Radfar's opinion as specified herein, the ALJ also must consider whether that re-evaluation impacts the weight she accorded to Dr. Brentzel's opinion.

[5] Dr. Brentzel reviewed plaintiff's records and rendered her opinion on April 4, 2011. Subsequently on May 17, 2011, Dr. Radfar completed the Questionnaire on which she assessed plaintiff's mental work-related capabilities and issued her opinion that plaintiff is unable to tolerate even low stress work.

consistent with Dr. Radfar's opinion. However, the ALJ concluded Dr. Radfar's opinion was not entitled to controlling weight in part because it was not consistent with "the other substantial evidence in the case which indicates a higher level of functioning." (R. 21). After reviewing the record, the court is unclear of the evidence to which the ALJ refers.[6]

The ALJ certainly was not required to accept Dr. Radfar's conclusion that plaintiff is incapable of performing even low stress work because a treating physician's opinion as to whether a claimant is disabled is an issue reserved to the Acting Commissioner. See 20 C.F.R. §§404.1527(d)(1), 416.927(d)(1) (explaining that "[a] statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Acting Commissioner] will determine that [the claimant is] disabled."). Although the ALJ properly could reject Dr. Radfar's opinion on the ultimate issue whether plaintiff is disabled, the ALJ failed to identify the substantial evidence in the record which was inconsistent with her opinion and which purportedly indicated a higher level of functioning. This is contrary to the Regulations pronouncement that the ALJ "will always give good reasons" in her decision for the weight she gives to a claimant's treating source's opinion. See 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2).

A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). Where, as here, however, a treating physician's medical opinion is not given controlling weight, the Regulations require the ALJ to apply the following factors to determine the appropriate weight to give the

---

[6]To the extent the ALJ refers to plaintiff's report to Dr. Radfar in 2011 that he engaged in target practice at a shooting range, went hunting and lifted weights, (R. 20), those activities alone are not substantial evidence which would indicate a higher level of functioning. See Fargnoli v. Massanari, 247 F.3d 34, 40, n.5 (3d Cir. 2001) (emphasizing that "sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity"); Smith, 637 F.2d at 971 ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.").

AO 72
(Rev. 8/82)

- 8 -

opinion: the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the degree to which evidence supports the opinion; the consistency with the record as a whole; specialization of the physician; and any other factors which tend to support or contradict the opinion. See 20 C.F.R. §§404.1527(c)(2)-(6), 416.927(c)(2)-(6). There is no indication in the ALJ's decision that she applied these factors in assessing and weighing Dr. Radfar's opinion, nor did the ALJ indicate what weight, if any, she gave Dr. Radfar's opinion after concluding it was not entitled to controlling weight. For this reason, as well as those discussed above, this case must be remanded for further development.

On remand, the ALJ must evaluate and weigh Dr. Radfar's opinion set forth on the Questionnaire. To the extent the ALJ decides Dr. Radfar's opinion is not entitled to controlling weight, she shall analyze the factors specified in the Regulations to determine the proper amount of weight to give Dr. Radfar's opinion. To the extent the ALJ concludes that Dr. Radfar's opinion is not consistent with other record evidence that indicates a higher level of functioning, she shall identify the evidence to which she refers.[7]

After completing this analysis, if the ALJ determines that Dr. Radfar's opinion or any other medical opinions discussed herein support additional functional limitations, she shall factor them into the assessment of plaintiff's residual functional capacity. In that event, the ALJ shall obtain additional vocational expert testimony to complete her analysis of plaintiff's case.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the

---

[7]Plaintiff has also argued that the ALJ improperly evaluated and weighed the opinions of Dr. Hepburn, the consultative examiner, and Dr. Burstein, who examined plaintiff one time. As with the ALJ's incomplete analysis of Dr. Radfar's opinion, the court notes that the ALJ's evaluation of the opinions issued by Drs. Hepburn and Burstein likewise is incomplete. The ALJ stated that he gave those opinions little weight "since they are at variance with the totality of the evidence which indicates a higher level of functioning." (R. 21). Again, the court is unable to discern the evidence which indicates plaintiff's purported higher level of functioning. Thus, on remand, the ALJ must identify the evidence to which she refers.

Acting Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Acting Commissioner for further proceedings consistent with this Opinion.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Samantha Xander, Esq.
Law Offices of Harry J. Binder and Charles E. Binder, P.C.
60 East 42nd Street
Suite 520
New York, NY 10165

Christy Wiegand
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219